**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| ALFRED GRAY, | : | |
| Plaintiff, | : | Case No.  3:06CV004 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| GREEN TOKAI CO., LTD., | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATIONS[1]**

## I. INTRODUCTION

Plaintiff Alfred Gray brings this case against his former employer Defendant Green Tokai Co., Ltd.  Gray claims in part that Green Tokai terminated his employment, and engaged in other conduct, in violation of his rights under the Age Discrimination and Employment Act, 29 U.S.C. §626, *et seq*, and various provisions of Ohio Revised Code Chapter 4112.

This case is before the Court upon Green Tokai's Motion to Dismiss Counts Two, Three and Five of Gray's Complaint (Doc. #4), Gray's Partial Opposition (Doc. #10), and Green Tokai's Reply (Doc. #11).

## II. BACKGROUND

Gray does not oppose dismissal of Counts Three and Five of his Complaint and states

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

that he will amend his Complaint to delete these Counts after a ruling on Count Two of Green Tokai's Motion to Dismiss. *See* Doc. #10 at 1.

Count Two of Gray's Complaint raises claims of age discrimination under two statutes: Ohio Rev. Code §4112.02(N) and §4112.99. Specifically, Count Two reads in part as follows:

> On July 11, 2005, Plaintiff was ... discharged because of his age. At the time of Plaintiff's discharge, he was physically and mentally able to perform his duties and otherwise met the established requirements of his job. Defendant's intention[al], willful and wanton termination of Plaintiff was discriminatory and in violation of ORC [Ohio Rev. Code] § 4112.02(N) as enforced through ORC §4112.99.

(Doc. 1, ¶31)

Green Tokai argues Gray's Count Two is "defective as a matter of law because it fails to elect a single statutory remedy as required by Ohio law." (Doc. #8 at 1). Consequently, Green Tokai seeks either dismissal of Count Two or, alternatively, an Order requiring Gray to amend Count Two of his Complaint to reflect his election of either Ohio Rev. Code §4112.02(N) or §4112.99 as the basis for his state age discrimination claim.

Gray contends, "There is … no explicit requirement that an employee elect between 4112.02(N) and 4112.99." (Doc. #10 at 2). Gray further asserts there is no Ohio statute prohibiting him from filing a claim under both statutes.

Green Tokai asserts that the overwhelming body of case law, both federal and state, subjects Ohio Rev. Code §4112.99 to the election requirement expressly stated in other sections of Chapter 4112.

The parties have thus framed the issues as (1) whether Gray's Count Two must be dismissed outright due to its failure to elect between Ohio Rev. Code §4112.02(N) or §4112.99, and if not, (2) whether Gray must amend Count Two to elect between raising a claim under

either §4112.02(N) and §4112.99.

### III. DISCUSSION

#### A. Standards of Review

"A federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction." *Chandler v. Specialty Tires of America (Tennessee), Inc.*, 283 F.3d 818, 823 (6th Cir. 2002) (citation omitted). Consequently, in the present case, this Court must apply the Ohio Supreme Court's controlling decisions. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 517 (6th Cir. 2001). Yet, this is not strictly possible in the present case because – as the parties agree – the Ohio Supreme Court has not directly addressed whether an age-discrimination plaintiff must elect between raising a claim under either Ohio Rev. Code §4412.02(N) or §4112.99. *See* Doc. #10 at 3; Doc. #11 at 2.

In this situation, "the federal court must ascertain from all available data, including the decisional law of the state's lower courts, what the state's highest court would decide if faced with the issue." *Ziegler*, 249 F.3d at 517 (citation omitted). "Where a state's highest court has not spoken on a precise issue, a federal court may not disregard a decision of the state appellate court on point, unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Id*. "Lower state court decisions 'are not binding on federal courts seeking to decide an issue of state law if the federal court is convinced that the highest state court would decide otherwise.'" *Woods v. Vermilion Local School Dist.*, 1999 WL 652019 at *2 (N.D. Ohio 1999)(quoting *Evans v. Celeste,* 716 F.Supp. 1047, 1049 (S.D. Ohio 1989); citing *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465 (1967)).

3

**B.      Election Of Remedy Under Ohio Rev. Code §4112.99**

Four Ohio statutes prohibit age discrimination in employment: Ohio Rev. Code §4112.02(A)[2] and (N), §4112.05, §4112.14, and §4112.99.[3] These four "avenues of relief provided by Ohio statutory law for age-based discrimination are exclusive and, once an action is instituted thereunder, a plaintiff is barred from bringing an action under a different provision." *Ziegler*, 249 F.3d at 512. Because of this Green Tokai's request for outright dismissal of Count Two of Gray's Complaint lacks merit. *See Ziegler*, 249 F.3d at 513. Chapter 4112's bar to successive 4112-based claims after a plaintiff elects to proceed under a single statute protects defendants from repetitive litigation of essentially the same claims. In addition, Ohio Rev. Code. §4112.08 generally requires Courts to liberally construe Chapter 4112 "'for the accomplishment of its purposes....'" *Id*. (quoting §4112.08). Outright dismissal of Count Two of Gray's Complaint would be contrary to this liberal-construction mandate. *Id*. As a result, although Count Two of Gray's Complaint proceeds under both §4112.02(N) and 4112.99, dismissal of this Count is not warranted.

This leaves Gray Tokai's alternative request at issue – whether Gray must elect between raising a claim under Ohio Rev. Code §4112.02(N) and §4112.99.

Beginning first with the plain language of the four statutes prohibiting age discrimination

---

[2] Ohio Rev. Code §4112.02(A) provides in part, "It shall be an unlawful employment practice ... [f]or any employer, because of ... age ... of any person, to discharge without just cause, to refuse to hire, or otherwise discriminate against that person with respect to ... any matter directly or indirectly related to employment."

[3] Ohio Rev. Code §4112.99 broadly provides, "Whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief." The Ohio Supreme Court has held, "A plain reading of this section yields the unmistakable conclusion that a civil action is available to remedy any form of discrimination identified in R.C. Chapter 4112." *Elek v. Huntington National Bank*, 60 Ohio St.3d 135, 136 (1991).

in employment, two of these statutes specifically address election of remedy.  Ohio Rev. Code §4112.02(N) provides in part:

> A person who files a civil action under this division is barred, with respect to the practices complained of, from instituting a civil action under section 4112.14 of the Revised Code and from filing a charge with the commission under section 4112.05 of the Revised Code.

This election-of-remedy mandate is likewise reflected in Ohio Rev. Code §4112.14(B), which provides in part:

> The remedies available in this section are coexistent with remedies available pursuant to sections 4112.01 to 4112.11 of the Revised Code; except that any person instituting a civil action under this section is, with respect to practices complained, thereby barred from instituting a civil action under division (N) of section 4112.02 of the Revised Code or from filing a charge with the Ohio civil rights commissioner under section 4112.05 of the Revised Code.

The plain meaning of these statutes is certain – plaintiffs electing to bring a claim under §4112.14 may not also bring a claim under §4112.02(A), (N) and may not file a charge with the Ohio Civil Rights Commission under §4112.05.

The twist in the present case is that Gray has not raised a claim under Ohio Rev. Code §4112.14, and consequently, the plain language of this statute does not require him to elect between §4112.02 or §4112.99.  There is also no indication that Gray has filed a charge of discrimination with the Ohio Civil Rights Commission, and as a result, the plain language of §4112.05 does not apply to bar him from raising his claims under §4112.02(N) and §4112.99, or require him to elect between these two statutes.

Green Tokai therefore argues, "Numerous Ohio courts have found that Section 4112.99 is, like other sections of Chapter 4112 relating to age discrimination, subject to the election requirement." (Doc. #11 at 2).  Green Tokai also argues that several federal District Court cases

hold the same. *Id*. (citing *Senter v. Hillside Acres Nursing Ctr. of Willard, Inc*., 335 F.Supp.2d 836 (N.D. Ohio 2006); *Gray v. Allstate Ins. Co.*, 2005 WL 2372845 (S.D. Ohio, Sept. 26, 2005)(Beckwith, Chief D. J.); *Woods v. Vermilion Local School Dist*., 1999 WL 652019 at *5 (N.D. Ohio, Aug. 9, 1999); *Talbott v. Anthem Blue Cross and Blue Shield*, 147 F.Supp.2d 860, 863-64 (S.D. Ohio 2001)(Sargus, D.J.); *Pozzobon v. Parts for Plastics, Inc*., 770 F.Supp. 376, 379 (N.D. Ohio 1991)).

Tentative support for Green Tokai's position emerges from *Ziegler* where the United States Court of Appeals for the Sixth Circuit noted, "While §4112.99 has no ... express election of remedies language, there is some indication that Ohio courts will impute such an exclusivity requirement." 249 F.3d at 512 (citing *Balent v. National Revenue Corp*., 93 Ohio App.3d 419, 636 N.E.2d 1063, 1067 (1994)). The Court of Appeals in *Ziegler*, however, did not attempt to predict whether the Ohio Supreme Court would impute an election of remedy mandate into §4112.99, since that specific issue was not presented. *See Ziegler*, 249 F.3d at 512-13.

Green Tokai's reliance on federal District Court cases that recognize a trend in the lower Ohio courts in support of imputing an election-of-remedy requirement into Ohio Rev. Code §4112.99 is perhaps best reflected in *Talbott*. The District Court in *Talbott* recognized, "The overwhelming majority of Ohio appellate court cases to have addressed this issue have concluded that age discrimination claims brought under O.R.C. §4112.99 are subject to the election of remedies doctrine." 147 F.Supp.2d at 863. The District Court in *Talbott* further rejected *Pater* – a case on which Gray relies – stating, "While Judge Spiegel of this Court previously held that the election of remedies doctrine does not apply to age discrimination

6

claims, O.R.C. §4112.99, his decision preceded the *Bellian*[4] decision and was based in part on the holdings of cases that were implicitly overruled by the *Bellian* decision...." *Id*. (citations omitted).

These cases stand in contrast to the thorough and well-reasoned opinion by District Judge Frost in *Sterry v. Safe Auto Ins. Co*., 2003 U.S. Dist. LEXIS 17363 at *13 (S.D. Ohio August 25, 2003). Judge Frost not only engaged in an extensive discussion of pertinent decisions by the Ohio Supreme Court and the Ohio Courts of Appeals' decisions, he also reviewed the arguments against requiring an election of remedy for age discrimination claim brought under Ohio Rev. Code §4112.99, ultimately concluding that no election of remedy was mandated by §4112.99. *Id*. at *4-13. Judge Frost reasoned as follows:

> The Court notes the peculiar nature of Ohio Rev. Code Chapter 4112 in regard to age discrimination claims. Even prior to the enactment of Ohio Rev. Code §4412.14, Title 41 provided for multiple causes of action for age discrimination. It appears that the Ohio General Assembly has condensed the overlapping remedies provided by Ohio Rev. Code §4112.02 and former §4101.17 into the same chapter while also providing for a more general judicial avenue of review via Ohio Rev. Code §4112.99. Nothing in the plain language of these statutes or, most importantly, in the plain language of Ohio Rev. Code §4112.08 suggests that an Ohio Rev. Code §4112.99 claim based on Ohio Rev. Code §4112.02(A) is included in the Ohio Rev. Code §4112.08 election scheme. To accept that view would be to reject *Elek*'s description of Ohio Rev. Code §4112.99 as creating an independent cause of action for Ohio Rev. Code Chapter 4112 violations it would mean that there is ultimately no Ohio Rev. Code §4412.99 age discrimination claim. The Court is guided by the best indication of legislative intent and honors the plain language of the statutes involved.....

*Sterry*, 2003 U.S. Dist. LEXIS 17363 at *13. This reasoning is persuasive particularly due to its dedication to the applicable standard of review, which requires the determination of what the Ohio Supreme Court will decide when presented with this issue. *See Ziegler*, 249 F.3d at 517.

---

[4] *Bellian v. Bicron Corp*., 69 Ohio St.3d 517 (1992).

7

This is seen in Judge Frost's reasoning regarding *Elek* and the Ohio Supreme Court's recognition of the broad remedial purposes of §4112.99. *Elek*, 60 Ohio St.3d at 137 ("[§]4112.99 is to be liberally construed to promote its object (elimination of discrimination) and protect those to whom it is addressed (victims of discrimination)."). Judge Frost's reasoning, moreover, gives effect to the plain language of §4112.02(N) and §4112.99, which would have to be overlooked to impute into §4112.99 an election-of- remedy requirement. *See Sterry*, 2003 U.S. Dist. LEXIS 17363 at *13.

Accordingly, Defendant's Motion to Dismiss Count Two of Gray's Complaint lacks merit, and Gray should not be required at this point in the case to file an Amended Complaint reflecting a choice between proceeding under Ohio Rev. Code §4112.02(N) and §4112.99.

## IT IS THEREFORE RECOMMENDED THAT:

1. Green Tokai's Motion to Dismiss Counts Two, Three and Five of Plaintiff's Complaint (Doc. #4) be GRANTED in part and Counts Three and Five of Plaintiff's Complaint be DISMISSED with prejudice; and

2. Green Tokai's Motion to Dismiss Counts Two, Three and Five of Plaintiff's Complaint (Doc. #4) be otherwise DENIED.


October 30, 2006

                                               s/ Sharon L. Ovington
                                                     Sharon L. Ovington
                                           United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).